# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**SAUL ASCENCION CRISTOBAL,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REVIEW OF DETENTION AND PRETRIAL RELEASE**<br><br>Case No. 2:19-cr-00458-JNP<br><br>**District Judge Jill N. Parrish**<br>**Magistrate Judge Jared C. Bennett** |

Before the court is Defendant Saul Ascencion Cristobal's ("Mr. Cristobal") motion for review of detention and pretrial release.[1] Having considered the motion, and the fact that Mr. Cristobal has not provided any authority for the proposition that a hearing is mandated on a motion for review of detention by either rule or statute, the court concludes that a hearing is not necessary. Based upon the analysis set forth below, Mr. Cristobal's motion is denied.

## BACKGROUND

On December 11, 2019, Mr. Cristobal was charged in an indictment with one count of felon in possession of firearms.[2] Mr. Cristobal's initial appearance occurred on January 2, 2020, at which the issue of his pretrial detention was addressed.[3] During that appearance, Mr. Cristobal submitted on the issue of his pretrial detention. Accordingly, the court ordered him

---

[1] ECF No. 28.

[2] ECF No. 1.

[3] ECF No. 8.

detained pending trial. Notwithstanding the fact that he submitted on the issue of his pretrial detention, the court found that no release condition or conditions could be imposed upon Mr. Cristobal that would reasonably assure the safety of any other person and the community.

On February 18, 2020, Mr. Cristobal filed a motion to suppress.[4] An evidentiary hearing on that motion is currently scheduled for October 20, 2020, before District Judge Jill N. Parrish.[5]

On August 20, 2020, Mr. Cristobal filed the instant motion in which he seeks temporary release from pretrial detention due to the COVID-19 pandemic.[6]

## ANALYSIS

Although Mr. Cristobal has not cited any legal authority in support of his motion, the court construes his motion as one seeking relief under section 3142(i).[7] Section 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

---

[4] ECF No. 18.

[5] ECF No. 31.

[6] ECF No. 28.

[7] Mr. Cristobal has not argued that the detention hearing should be reopened under 18 U.S.C. § 3142(f)(2). Nevertheless, even if he had, the court would not reopen the hearing. Section 3142(f)(2) allows the court to reopen the previous detention hearing to examine previously unknown evidence regarding "whether there are conditions of release that will reasonably assure the appearance of [the] person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Mr. Cristobal cites only to issues related to COVID-19 as previously unknown information, which have no bearing on either of those matters.

18 U.S.C. § 3142(i). Thus, to obtain temporary release, Mr. Cristobal must establish that it is "necessary" for preparing a defense or some other "compelling reason." Because Mr. Cristobal does not argue that his release is necessary for preparing his defense, the court need not consider that requirement here. As for the second requirement, Mr. Cristobal does not explicitly reference the "compelling reason" language from section 3142(i). However, the "compelling reason" requirement is the only one to which his arguments could conceivably be directed. For the reasons stated below, Mr. Cristobal fails to establish a "compelling reason" for his release.

When interpreting a statute, the court begins with its plain language. *United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002) ("When interpreting the language of a statute, the starting point is always the language of the statute itself. . . . If the language is clear and unambiguous, the plain meaning of the statute controls."). Where, as here, Congress has not defined the word "compelling," the court applies the word's plain and common meaning, which is often found in the dictionary. *See, e.g.*, *United States v. Radley*, 632 F.3d 177, 182-83 (5th Cir. 2011) (stating that "dictionary definitions inform the plain meaning of a statute"). The dictionary defines the root "compel" to mean: "To force, drive, or constrain" especially "a person to do a thing." *Compel*, THE AMERICAN HERITAGE DICTIONARY (2d ed. 1985); *Compel*, THE OXFORD ENGLISH DICTIONARY (1989). Thus, to grant temporary release, the court must feel constrained to do so because of a reason that Mr. Cristobal has provided.

Although COVID-19 could provide such a compelling reason for temporary release under appropriate circumstances, it does not here. The court is mindful of the magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. The court also recognizes Mr. Cristobal's sincere concern about his health. But, even weighing that concern,

the court concludes that a Mr. Cristobal is not entitled to temporary release under section 3142(i) based solely on generalized COVID-19 fears and speculation. *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). Rather, based on the persuasive authority in *Clark*, the court must make an individualized determination as to whether COVID-19 presents sufficient concerns for Mr. Cristobal's release. In making that determination, the court considers: (1) the original grounds for the Mr. Cristobal's pretrial detention based on a consideration of the typical detention factors listed in section 3142(g), (2) the "specificity of [Mr. Cristobal]'s stated COVID-19 concerns," (3) whether the proposed release will mitigate the COVID-19 risks to Mr. Cristobal, and (4) if the release will mitigate COVID-19 risks to others. *Id*. at *3. Below, the first and second factors are considered separately, while the third and fourth factors are considered together.

Although the court is not called upon to reconsider its original determination detaining Mr. Cristobal, the court must consider why it previously held that no release conditions or combination of conditions would reasonably assure the safety of any other person and the community. The court found that Mr. Cristobal was a danger to the community based on his lengthy criminal history, as well as the nature and circumstances of the charge against him. Recalling the factual and legal basis for Mr. Cristobal's detention orients the court to how high the bar of a "compelling reason" must be to outweigh releasing him from detention even temporarily. And, as shown below, the remaining factors do not help Mr. Cristobal clear that bar.

Regarding the specificity of Mr. Cristobal's COVID-19 concerns, Mr. Cristobal contends that was infected with COVID-19 while incarcerated, which caused him to become "very sick."[8] He further contends that "the lack of adequate medical attention at the jail caused a high level of anxiety and distress in addition to the physical symptoms of" COVID-19.[9]  However, Mr. Cristobal acknowledges that his correctional facility has determined that he is no longer contagious.[10]  Mr. Cristobal's only stated concern at this point is his fear of re-infection, which is entirely speculative.  Such a generalized fear is not specific enough to him to state a compelling reason for temporary release when compared with the reason he was detained in the first place.

The remaining two factors also fail to help Mr. Cristobal clear the bar of compelling reason.  The court cannot see how his release would mitigate his risks relative to COVID-19. Indeed, he has already been infected with COVID-19, and by his own admission, he is no longer contagious.  Furthermore, the court has already concluded that his fear of re-infection is speculative.  As for mitigation of COVID-19 risks to others, Mr. Cristobal has not shown that his release would serve that purpose.  To the contrary, Mr. Cristobal indicates that he intends to isolate if released, which suggests the opposite.  Additionally, he does not provide the court with any particularized evidence showing how he personally is endangering others at his correctional facility.  Without more, the court concludes that Mr. Cristobal's argument is simply that he has the possibility of becoming re-infected with COVID-19, which is too generalized a concern to be

---

[8] ECF No. 28 at 1.

[9] *Id*.

[10] *Id*. at 1-2.

"compelling," especially when juxtaposed against the original reason for which he was ordered detained. Therefore, Mr. Cristobal fails to establish a "compelling reason" for his release.[11]

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Mr. Cristobal's motion for review of detention and pretrial release[12] is DENIED.

IT IS SO ORDERED.

DATED August 28, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[11] Mr. Cristobal also argues that the COVID-19 pandemic has caused delays in the scheduling of an evidentiary hearing on his motion to suppress and that those delays are a sufficient reason to justify his release. However, Mr. Cristobal fails to provide any authority for the proposition that such delays are a proper ground for release. Furthermore, the court is not persuaded that those delays constitute a "compelling reason" for his release, particularly given the original reason for his detention.

[12] ECF No. 28.